1
2
3
4
5
6
7

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>v.<br><br>ROBERT HAL BRAME,<br><br>                Defendant. | Case No.:  88cr0956 DMS<br><br>**ORDER DENYING MOTION FOR COMPASSIONATE RELEASE UNDER 18 U.S.C. § 3582(c)(1)(A)** |

      This case comes before the Court on Defendant's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A).  (ECF No. 93.)  The United States filed a response in opposition.  (ECF No. 97.)  Defendant did not file a reply.  For the following reasons, Defendant's motion is denied.

## I.

## BACKGROUND

      Defendant Robert Hal Brame, a federal prisoner proceeding without the assistance of counsel, is serving a 50-year sentence for violation of 18 U.S.C. §§ 922(g)(1), 924(e)(1) and 2113(a)(2), armed robbery of a savings and loan and felon in possession of a firearm. The sentence was imposed on November 1, 1989.

      After sentencing, and while being transferred out of the Metropolitan Correctional Center, Defendant escaped from custody.  Approximately six months later, he was captured in Georgia and charged in the United States District Court for the Northern District of

Georgia with another count of armed robbery and again being a felon in possession of a firearm. Defendant pleaded guilty to those offenses, and was sentenced to another thirty-five years to run consecutively to the sentence imposed by this Court.

Defendant is currently incarcerated at the Federal Correctional Center Coleman, USP II, in Florida, with a projected release date of April 26, 2062, according to the Bureau of Prisons Inmate Locator. As of September 9, 2020, there are thirty-six confirmed active cases of COVID-19 among inmates at USP Coleman II and nineteen confirmed active cases among staff. https://www.bop.gov/coronavirus/.

## II.

## DISCUSSION

In general, a court may not modify a sentence of incarceration once it has been imposed, unless expressly permitted by statute or Rule 35 of the Federal Rules of Criminal Procedure. *United States v. Penna*, 319 F.3d 509, 511 (9th Cir. 2003). The First Step Act ("FSA") is such a statute. *See* Pub L. 115-391, 132 Stat. 5194, 5239 (2018). Among the criminal justice reforms implemented by the FSA, Congress amended 18 U.S.C. § 3582(c)(1)(A) to allow the defendant to move the district court for compassionate release after exhausting the Bureau of Prison ("BOP") process.

Section 3582(c) of Title 18 of the United States Code provides that a court may not modify a term of imprisonment except "upon motion of Director of the Bureau of Prisons, or upon motion of the defendant." A defendant may bring a § 3582(c) motion after he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons" to act or "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Administrative exhaustion is a prerequisite to filing the motion in district court, and "[e]xhaustion occurs when the BOP denies a defendant's application or lets thirty days pass without responding to it." *United States v. Mondaca*, No. 89-cr-0655-DMS, 2020 WL 1029024, at *2 (S.D. Cal. Mar. 3, 2020) (internal quotation marks and citations omitted). Thereafter, the Court may consider the applicable standards set forth in § 3553(a) and determine whether

1  "extraordinary and compelling reasons" warrant a sentence reduction consistent with

2  "applicable policy statements issued by the Sentencing Commission."

3      Here, there is no indication that Defendant previously petitioned the BOP for

4  compassionate release based on the COVID-19 pandemic.  Accordingly, the United States

5  argues Defendant's motion must be denied for failure to exhaust his administrative

6  remedies before filing the present motion.  (Opp'n at 4-6.)  The Court agrees with the

7  United States.

8      District courts across the country have grappled with the question of whether the

9  First Step Act's administrative exhaustion requirement is jurisdictional, non-jurisdictional

10 and excusable, or mandatory.  If the exhaustion requirement at issue is jurisdictional and

11 not satisfied, courts are barred from addressing the merits.  *See Landgraf v. USI Film*

12 *Prods.*, 511 U.S. 244, 274 (1994) (noting jurisdictional statutory preconditions "speak to

13 the power of the court rather than to the rights or obligations of the parties.")  If the

14 exhaustion requirement is not jurisdictional, courts may excuse noncompliance.  *See, e.g.*,

15 *United States v. Perez*, --- F. Supp. 3d ---, 2020 WL 1546422, at *1 (S.D.N.Y Apr. 1, 2020)

16 (waiving exhaustion requirement as futile because inmate had less than 21 days left on his

17 sentence).   While some courts have concluded the exhaustion requirement is both

18 mandatory and jurisdictional, notwithstanding the Covid-19 crisis, *see, e.g.*, *United States*

19 *v. Rojas*, No. 17-CR-337 (LAB) (S.D. Cal. May 6, 2020) (stating exhaustion requirement

20 is mandatory and jurisdictional and denying defendant's motion for failure to exhaust

21 administrative remedies), this Court need not reach the jurisdictional question.  Even if the

22 exhaustion requirement is non-jurisdictional, it is mandatory and precludes the Court from

23 modifying Defendant's sentence.  *See* 18 U.S.C. § 3582(c)(1)(a) ("The court may not

24 modify a term of imprisonment once it has been imposed [unless] the defendant has fully

25 exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the

26 defendant's behalf or the lapse of 30 days from the receipt of such a request . . . .").  The

27 statutory language is clear and unambiguous.  *See United States v. Lugo*, No. 2:19-cr-0056,

28 / / /

2020 WL 1821010, at *3 (D. Me. Apr. 10, 2020) (discussing cases and finding "the language of section 3582(c)… clear and mandatory.").

Here, Defendant has not petitioned the BOP for the relief he seeks from the Court, let alone waited 30 days after the BOP received such a request.  Accordingly, Defendant must file a request with the BOP, and wait 30 days from the receipt of such a request, before the Court can address his motion.  *See Ross v. Blake*, 136 S. Ct. 1850, 1857 (2016) (noting mandatory statutory exhaustion "foreclose[es] judicial discretion.")

## III.

## CONCLUSION AND ORDER

For these reasons, Defendant's motion is respectfully denied.

**IT IS SO ORDERED.**

Dated:  September 10, 2020

Hon. Dana M. Sabraw
United States District Judge

88cr0956 DMS