# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>Robert Hal Brame,<br><br>　　　　　　　　　　　　Defendant. | Case No.: 88-CR-0956-DMS<br><br>**ORDER (1) GRANTING MOTION TO REOPEN AND (2) DENYING MOTION FOR SENTENCING MODIFICATION UNDER 18 U.S.C. § 3582(C)** |

　　　In April of 2020, Defendant Robert Hal Brame, a federal prisoner proceeding without the assistance of counsel, filed a motion for compassionate release in this Court under the First Step Act of 2018 ("FSA"), 18 U.S.C. § 3582(c)(1)(A)(i). On September 10, 2020, the Court denied that motion for failure to exhaust administrative remedies.

　　　On October 19, 2020, Defendant filed the present "Emergency Motion to Reopen Motion for Compassionate Release for Good Cause." The United States filed an opposition to the motion, after which the Defendant filed a reply with two supplemental documents. In the present motion, Defendant alleges the risks of COVID-19 based on his age, condition, and susceptibility to infection at Federal Correctional Center Coleman USP-II justify his early release under the FSA. After considering the parties' briefs and the record on file herein, the Court denies Defendant's motion for the reasons set out below.

# I.
# BACKGROUND

On November 1, 1989, Defendant was sentenced to 50 years imprisonment for two counts of armed robbery in violation of 18 U.S.C. § 2113(a)(2), and two corresponding counts of felon in possession of a firearm under 18 U.S.C § 922.

Shortly after sentencing, while being transferred out of the Metropolitan Correctional Center, Defendant escaped from custody. Approximately six months later, he was captured in Georgia and charged in the United States District Court for the Northern District of Georgia with another count of armed robbery and again with being a felon in possession of a firearm. Defendant pled guilty to those offenses and was sentenced to another thirty-five years to run consecutively to the sentence imposed by this Court.

Defendant is currently incarcerated at the Federal Correctional Center Coleman, USP II, in Florida, with a projected release date of April 23, 2062, according to the Bureau of Prisons Inmate Locator. At sixty-six years old, Defendant is in excellent health with no existing health issues. The Bureau of Prisons ("BOP") characterizes Defendant as a Class 1 health risk, the lowest level of health risk that can be assigned to an inmate.

# II.
# DISCUSSION

In general, a court may not modify a sentence of incarceration once it has been imposed, unless expressly permitted by Rule 35 of the Federal Rules of Criminal Procedure or by statute. *United States v. Penna*, 319 F.3d 509, 511 (9th Cir. 2003). The FSA is such a statute. *See* Pub L. 115-391, 132 Stat. 5194, 5239 (2018). Among the criminal justice reforms implemented by the FSA, Congress amended 18 U.S.C. § 3582(c)(1)(A) to allow a defendant to move a district court for compassionate release after exhausting the BOP process. There is no dispute Defendant has now exhausted his administrative remedies, so this Court turns to the merits of Defendant's motion.

On the merits, the FSA allows a district court to modify a sentence and grant compassionate release if it finds "extraordinary and compelling reasons" warrant such a

reduction, and the reduction complies with 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3582(c)(1)(A). Further, the reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." *Id.* Until recently, courts applied the policy statement found at U.S.S.G. § 1B1.13, which required a finding that the defendant "is not a danger to the safety of any other person or to the community." However, in *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021), the Ninth Circuit held the policy statement was not applicable to motions filed by the defendant, like the motion in this case. *Id.* at 802. Although no longer binding, the policy statement may still "inform a district court's discretion" for motions like the one presented here. *Id.*

       1. <u>Extraordinary and Compelling Reasons</u>

In this case, Defendant argues his age and risk of COVID-19 infection constitute "extraordinary and compelling reasons" that entitle him to early release under the FSA. (ECF No. 102 at 4.) Defendant, aged sixty-six years old, is at an increased risk of experiencing serious illness and related adverse outcomes from COVID-19. *Risk for COVID-19 Infection, Hospitalization, and Death By Age Group*, CENTER FOR DISEASE CONTROL AND PREVENTION, https://www.cdc.gov/coronavirus/2019-ncov/COVID-data/investigations discovery/hospitalization-death-by-age.html. To show his susceptibility to contracting COVID-19, Defendant relies on BOP statistics that document COVID-19 transmission at Federal Correctional Center Coleman. Prior to December 7, 2020, 56 out of 120 inmates in Defendant's unit had tested positive for COVID-19. (ECF No. 102 at 3.) Defendant contends the high rate of transmission, coupled with his age bracket's risk of serious infection, warrant his immediate release under § 3582(c)(1)(A). (*Id.*)

The United States contends Defendant's risk of COVID-19 illness does not rise to the level of "extraordinary and compelling reasons". (ECF No. 104 at 10.) To rise to this standard, Defendant must show he is at an unreasonably high risk of severe illness from COVID-19, or that he suffers from a serious physical or mental condition that substantially diminishes his ability to provide self-care. (*Id.* at 15.) The United States relies on several

facts to demonstrate that Defendant has not met the burden of "extraordinary and compelling reasons". First, Defendant has not asserted any condition with his health, other than his age, that justifies immediate release. (*Id*. at 2.) Second, the U.S. Probation Office's Presentence Investigation Report noted that the Defendant had no health conditions. (*Id*.) And third, BOP characterizes Defendant as a Class 1 health risk, the lowest category of risk that can be assigned to a Defendant. (*Id*.) The United States further argues that Defendant's age alone does not justify compassionate release. (*Id*. at 16.) If age alone were a sufficient factor to grant release, the United States argues, every federal inmate in the country over age sixty should be released from detention based on the health risks of COVID-19. (*Id*.)

The Court agrees with the United States. Defendant's age, standing alone, does not rise to the level of "extraordinary and compelling reasons" under § 3582(c)(1)(A). Furthermore, Defendant has not shown that he has any medical condition that would weigh in favor of release. Several other district courts have denied compassionate release based on similar facts. *United States v. Partida*, No. CR-17-08260-001-PCT-DGC, 2020 U.S. Dist. LEXIS 99811, at *14 (D. Ariz. June 5, 2020) (motion for compassionate release denied to 62-year-old inmate with no serious medical conditions); *United States v. Hiller*, No. ELH-18-0389, 2020 U.S. Dist. LEXIS 228122, at *26 (D. Md. Dec. 4, 2020) (release denied to inmate over the age of 65 with concerns of serious COVID-19 infection); *United States v. Cajeli*, No. 4:13-CR-38(17), 2021 U.S. Dist. LEXIS 78956, at *15 (E.D. Tex. Apr. 23, 2021) (release denied to 60-year-old inmate with high blood pressure and high cholesterol).

Additionally, there are currently zero active cases of COVID-19 amongst inmates at USP II Coleman. (*COVID-19 CORONAVIRUS*, Bureau of Prisons, https://www.bop.gov/coronavirus/). Measures taken by Bureau of Prison's staff to distribute vaccinations and follow CDC guidelines have greatly reduced the risk of COVID-19 infection for Defendant and other prisoners. (*Id*.)

## 2. § 3553 Factors

Based on Defendant's failure to show "extraordinary and compelling" reasons, he is not entitled to relief. Nevertheless, the Court discusses the other factors below. Under § 3553(a), the sentencing court must impose a sentence that is "sufficient, but not greater than necessary … (A) to reflect the seriousness of the offense, to promote respect for law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner."  § 3553(a)(2)(A)–(D).  The Court also must consider, among other factors, "the nature and circumstances of the offense and the history and characteristics of the defendant" and the "need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."  § 3553(a)(1), (6).  On balance, the § 3553(a) factors weigh against release here.

First, the crimes at issue were serious.  Defendant's conviction arises out three counts of armed robbery, one of which occurred after he had escaped from custody.  (*See* ECF No. 100.)    Second, Defendant has an extensive and violent criminal history dating back to 1971, including assault with a deadly weapon of two police officers, auto theft, multiple convictions of larceny, and escapes from custody.  (Ex. 2) Third, while Defendant is to be commended for his absence of a disciplinary record and participation in educational programs while in custody, (*see* ECF No 105), these mitigating factors do not outweigh the aggravating factors above.

Although the Court is sympathetic to Defendant's concerns regarding COVID-19, a reduction in sentence is not warranted here.  This decision comes in consideration of Defendant's good health, Defendant's career offender status and history of recidivism, the severity of crimes committed, and the decreased risk of infection from COVID-19 at Federal Correctional Center Coleman USP II.

The sentence imposed remains the right, just and fair sentence, sufficient but not greater than necessary to meet the goals of the § 3553(a) sentencing factors.

### III.

### CONCLUSION AND ORDER

For the foregoing reasons, Defendant's motion to reopen is granted, and his motion for compassionate release is denied.

**IT IS SO ORDERED.**

Dated: June 16, 2021

Hon. Dana M. Sabraw, Chief Judge
United States District Court