UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                                   Plaintiff,<br><br>v.<br><br>ROBERT HAL BRAME,<br><br>                                   Defendant. | Case No.: 88-CR-0956-DMS<br><br>**ORDER DENYING DEFENDANT'S MOTION TO ALTER OR AMEND JUDGMENT** |

      This case comes before the Court on Defendant's motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e). Specifically, Defendant asks the Court to alter or amend its January 14, 2022 Order denying his motion for reconsideration of this Court's June 16, 2021 Order denying his motion for sentencing modification under 18 U.S.C. § 3582(c). In addition to this motion, Defendant has filed a request for appointment of counsel to assist him in supplementing his Rule 59(e) motion, and a request for an expedited ruling on the two previously filed motions.

      The present motion is the latest in a series of motions filed by Defendant in this Court challenging the November 2, 1989 Judgment and Sentence entered against him arising out of his guilty plea to armed bank robbery and being a felon in possession of a firearm. (ECF No. 77-6.) Pursuant to that Judgment, Defendant was sentenced to fifty

years in prison. (Id.)[1]  Defendant, who is currently 67 years old, has been in custody since that time, and according to the Bureau of Prisons webpage, his expected release date is April 23, 2062.

As mentioned, this is not the first motion Defendant has filed challenging his sentence. Beginning in December 2008, Defendant filed a motion for correction of a clerical error, asserting he was sentenced to five years imprisonment on one count rather than the twenty-five years listed on the Judgment. After full briefing, that motion was denied. (ECF No. 69.)  In 2017, Defendant returned to the Court with a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(6). After a full briefing, that motion was also denied. (ECF No. 83.)  Shortly after that decision was entered, Defendant filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Before the Court could rule on that motion, Defendant filed an emergency motion for compassionate release under 18 U.S.C. § 3582. After full briefing, the Court denied Defendant's 3582 motion, (ECF No. 100), and subsequently denied his 2255 motion. (ECF No. 103.)  Before the latter decision issued, Defendant filed a motion to reopen his 3582 motion, which the Court later granted, and which motion was also denied after full briefing. (ECF No. 106.)  Defendant then filed a motion for reconsideration of the order denying his 3582 motion, which was also denied after full briefing. (ECF No. 125.)  That last order is the subject of the present motions.

"[A] Rule 59(e) motion is an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014) (quoting *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)). "A district court may grant a Rule 59(e) motion if it 'is presented with

---

[1] Defendant is also serving a separate sentence of 427 months imprisonment arising out of his conviction in the United States District Court for the Northern District of Georgia for armed bank robbery, carrying and using a firearm during and in relation to a crime of violence, and being a felon in possession of a firearm.

newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" *Id.* (quoting *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (*en banc*)) (quotation marks omitted). Defendant has not made a showing that any of those requirements are met here. As set out above, this Court has reviewed Defendant's sentence numerous times over the past fourteen years, and has found no grounds for modifying, correcting, or vacating his sentence. Accordingly, Defendant's motion to alter or amend the Court's previous order is denied.[2]

**IT IS SO ORDERED.**

Dated: June 29, 2022

Hon. Dana M. Sabraw, Chief Judge
United States District Court

---

[2] In light of this ruling, the Court denies as moot Defendant's motion for appointment of counsel and motion for an expedited ruling.