UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

ROBERT HAL BRAME,

Defendant.

Case No.: 88-cr-00956-DMS-1

**ORDER GRANTING MOTION TO REOPEN; DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE UNDER 18 U.S.C. § 3582(c)(1)(A)(i)**

**[ECF No. 164]**

Pending before the Court is Defendant's motion to reopen for good cause and motion to reduce sentence pursuant to the First Step Act ("FSA"), 18 U.S.C. § 3582(c)(1)(A)(i). (Mot., ECF No. 164.)  Defendant is proceeding pro per.  The Government did not respond to the motions.  For the following reasons, Defendant's motion to reopen is granted and motion to reduce sentence is denied without prejudice.

## I.     BACKGROUND

The background of this case has been summarized many times in the Court's previous orders denying Defendant's motions to reduce his sentence. (ECF Nos. 100, 106, 143, 163.)  On November 1, 1989, Defendant was sentenced to 600 months imprisonment for two counts of armed bank robbery in violation of 18 U.S.C. § 2113, subdivisions (a)

and (d), and two counts of felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). On October, 25, 1991, Defendant was sentenced to 420 months imprisonment arising out of his convictions in Georgia in the United States District Court for the Northern District of Georgia for armed bank robbery, carrying and using a firearm and in relation to a crime of violence, and being a felon in possession of a firearm. *See United States v. Brame*, No. 90-cr-376 (N.D. Ga.). That sentence was ordered to be served consecutively to the 600-month sentence imposed by the sentencing court in this case. Defendant requests that this Court reduce his 600-month sentence to 360 months, and have that sentence run concurrently with his 420-month sentence from the Georgia case. (Mot. 2.)

## II.　　DISCUSSION

In general, a court may not modify a sentence of incarceration once it has been imposed, unless expressly permitted by Rule 35 of the Federal Rules of Criminal Procedure or by statute. *United States v. Penna*, 319 F.3d 509, 511 (9th Cir. 2003). The FSA is such a statute. *See* Pub L. 115-391, 132 Stat. 5194, 5239 (2018). Among the criminal justice reforms implemented by the FSA, Congress amended 18 U.S.C. § 3582(c)(1)(A)(i) to allow a defendant to move a district court for compassionate release after exhausting remedies with the Bureau of Prison ("BOP").

The FSA allows a district court to modify a sentence and grant compassionate release if it finds "extraordinary and compelling reasons" warrant such a reduction, the reduction is consistent with applicable policy statements issued by the United States Sentencing Commission, and the reduction complies with the sentencing factors set forth in 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3582(c)(1)(A)(i). As the movant, Defendant bears the burden of establishing that he is eligible for a sentence reduction. *See United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016). One such relevant policy statement is U.S.S.G. § 1B1.13, which may inform but does not bind a district court's act of discretion for a defendant's motion to reduce sentence. *See United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021).

## A. Exhaustion of Administrative Rights

A defendant may seek compassionate relief from a court "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A)(i). Put differently, administrative "[e]xhaustion occurs when the BOP denies a defendant's application or lets thirty days pass without responding to it." *United States v. Mondaca*, No. 89-cr-0655-DMS, 2020 WL 1029024, at *2 (S.D. Cal. Mar. 3, 2020) (internal quotation marks and citations omitted). Defendant does not argue that he filed a request for compassionate release with the BOP; therefore, he has not satisfied 18 U.S.C. § 3582(c)(1)(A)'s exhaustion requirement. Accordingly, the Court **DENIES** Defendant's motion for failure to exhaust all administrative remedies.

## B. Extraordinary and Compelling Reasons

Even if Defendant had satisfied the administrative exhaustion requirement, his present case does not meet the requirements for compassionate release. Defendant is 71 years old, (Mot. 1); however, he does not allege that he "is experiencing a serious deterioration in physical or mental health because of the aging process." U.S.S.G. § 1B1.13(b)(2). Nor does Defendant allege he is qualified for compassionate release because of his medical or family circumstances, because he was a victim of abuse, or because his case meets the criteria to qualify as an "Unusually Long Sentence." *Id.* § 1B1.13(b)(1), (3)–(4), (6). Accordingly, Defendant has not established "extraordinary and compelling reasons" consistent with applicable policy statements issued by the Sentencing Commission for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).

### III.    CONCLUSION

Based on the foregoing, Defendant's motion to reopen is **GRANTED**, but his motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) is **DENIED** without prejudice.

**IT IS SO ORDERED.**

88-cr-00956-DMS-1

Dated:  February 23, 2026

Hon. Dana M. Sabraw
United States District Judge