**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

UNITED STATES OF AMERICA,
Plaintiff,
v.
Robert Hal Brame,
Defendant.

Case No.: 88-CR-0956-DMS

**ORDER DENYING MOTION FOR SENTENCING MODIFICATION UNDER 18 U.S.C. § 3582(c)**

Pending before the Court is Defendant's motion to reduce sentence pursuant to the First Step Act ("FSA"), 18 U.S.C. § 3582(c)(1)(A). (Mot., ECF No. 171.) Defendant is proceeding pro se. The Government filed a response in opposition. (Opp'n, ECF No. 176.) Defendant filed a reply. (Reply, ECF No. 178.) For the following reasons, Defendant's Motion is denied without prejudice.

## I.
## BACKGROUND

The background of this case has been summarized many times in the Court's previous orders denying Defendant's motions to reduce his sentence. (ECF Nos. 100, 106, 143, 163, 169.) On November 1, 1989, Defendant was sentenced to 600 months imprisonment for two counts of armed bank robbery in violation of 18 U.S.C. § 2113, subdivisions (a) and (d), and two counts of felon in possession of a firearm, in violation of

18 U.S.C. §§ 922(g)(1) and 924(e)(1). On October 25, 1991, Defendant was sentenced to 420 months imprisonment arising out of his convictions in Georgia in the United States District Court for the Northern District of Georgia for armed bank robbery, carrying and using a firearm and in relation to a crime of violence, and being a felon in possession of a firearm. *See United States v. Brame*, No. 90-cr-376 (N.D. Ga.). That sentence was ordered to be served consecutively to the 600-month sentence imposed by the sentencing court in this case. Defendant requests that this Court reduce his 600-month sentence to 360 months and have that sentence run concurrently with his 420-month sentence from the Georgia case. (Mot. 10.) Unlike his prior motion, Defendant has satisfied the FSA's administrative exhaustion requirement. (Opp'n 1, 3.)

## II.

## DISCUSSION

In general, a court may not modify a sentence of incarceration once it has been imposed, unless expressly permitted by Rule 35 of the Federal Rules of Criminal Procedure or by statute. *United States v. Penna*, 319 F.3d 509, 511 (9th Cir. 2003). The FSA is such a statute. See Pub L. 115-391, 132 Stat. 5194, 5239 (2018). Among the criminal justice reforms implemented by the FSA, Congress amended 18 U.S.C. § 3582(c)(1)(A) to allow a defendant to move a district court for compassionate release after exhausting remedies with the Bureau of Prison ("BOP"). The FSA allows a district court to modify a sentence and grant compassionate release if it finds "extraordinary and compelling reasons" warrant such a reduction, the reduction is consistent with applicable policy statements issued by the United States Sentencing Commission, and the reduction complies with the sentencing factors set forth in 18 U.S.C. § 3553(a). See 18 U.S.C. § 3582(c)(1)(A). As the movant, Defendant bears the burden of establishing that he is eligible for a sentence reduction. *See United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016). One such relevant policy statement is U.S.S.G. § 1B1.13, which may inform but does not bind a district court's act of discretion for a defendant's motion to reduce sentence. *See United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021).

Defendant argues that several "extraordinary and compelling reasons" entitle him to early release under the FSA. First, Defendant argues that his 600-month sentence presents a "gross disparity" because the Probation Department calculated a Guidelines range of 120 to 150 months and recommended an upward departure to 210 months, while the Government requested an upward departure to a period of 30 years. An unusually long sentence may constitute an extraordinary and compelling reason where a change in the law "would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed." However, Defendant does not identify any change in the law that would produce a gross disparity today. Defendant points to *U.S. v. Booker*, 543 U.S. 220 (2005), striking down mandatory application of the Federal Sentencing Guidelines. But he does not identify how application of the now-advisory Guidelines would result in a lighter sentence. Defendant also points to changes in the FSA, but the changes he identifies are irrelevant to the sentence he would receive today.

Defendant cites *United States v. Salinas* in support of his gross disparity argument. *See* 818 F. Supp. 3d 1133 (E.D. Cal. 2026). *Salinas* offers an instructive contrast to the case at bar. The defendant in *Salinas* identified specific changes in the law that would lead to a lighter sentence today: in that case, "the effects of the First Step Act on 18 U.S.C. § 924(c) mandatory minimums." *Id.* at 1137. Conversely, here Defendant identifies no such change nor how it would affect his sentence. Defendant points to the Probation Department's 1989 sentencing recommendation and the Government's 1989 sentencing request. But these 37-year-old suggestions to Defendant's sentencing court neither constitute a change in the law nor bear on the sentence Defendant would likely receive today. Accordingly, Defendant has not carried his burden to establish sentencing reduction eligibility.

Defendant also points to his age, time served, low risk of recidivism, and rehabilitation. However, this Court has already considered and rejected the argument that these constitute extraordinary and compelling reasons. (*See* ECF Nos. 106, 143, 169.) Defendant offers no reason that this Court should depart from its prior decisions, the last

of which was issued less than a year ago. (ECF No. 169.) Similarly, even if Defendant could establish extraordinary and compelling reasons, this Court must consider the § 3553(a) factors before reducing his sentence. This Court stands on its prior decisions finding that the § 3553(a) factors weigh against release, (ECF Nos. 106, 143), as Defendant offers no new arguments in this regard.

## III.

## CONCLUSION AND ORDER

For the foregoing reasons, Defendant's motion for compassionate release is denied without prejudice.

**IT IS SO ORDERED.**

Dated: October 6, 2026

Hon. Dana M. Sabraw
United States District Judge