**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. ROBERT HAL BRAME, Defendant. | Case No.: 88-CR-0956-DMS<br>**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION** |

This case comes before the Court on Defendant's motion for reconsideration of the Court's October 6, 2026 order denying his motion for sentencing modification under 18 U.S.C. § 3582(c). Where a ruling has resulted in final judgment or order, a motion for reconsideration may be construed either as a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e), or as a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b). *School Dist. No. 1J Multnomah Cty v. AC&S, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). Such a motion is construed as a Rule 59(e) motion if filed within 28 days of entry of the final judgment or order, but as a Rule 60(b) motion if filed more than 28 days after judgment or order is entered. Because Defendant filed his motion less than 28 days from the issuance of the order, the Court treats it as a motion under Rule 59(e).

"[T]he district court enjoys considerable discretion in granting or denying" motions

for reconsideration. *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (citation omitted). Amending a judgment after entry is "an extraordinary remedy which should be used sparingly." *Id.* There are four grounds on which courts may commonly grant a Rule 59(e) motion: "(1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law." *Allstate Ins. Co.*, 634 F.3d at 1111 (citation omitted). Other "highly unusual circumstances" may also warrant reconsideration. *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

The Court has reviewed Defendant's motion and finds he has not established any grounds to reconsider the October 6, 2026 Order. He identifies no errors of law or fact, intervening changes in controlling law, or new evidence. Nor is reconsideration warranted to prevent manifest injustice or due to other highly unusual circumstances. Defendant instead repeats the same age, time served, low risk of recidivism, and rehabilitation arguments the Court has repeatedly held insufficient. (*See* ECF Nos. 106, 143, 169.)

Defendant also states that if the Court sentenced him today, using the Probation Department's 1989 210-month recommendation and the mandatory Federal Sentencing Guidelines that existed before *United States v. Booker*, 543 U.S. 220 (2005), the Court would impose a sentence of 210 months, not the 600-month sentence he received. He argues that this presents a "gross disparity" under U.S.S.G. 1B1.13. The Court again emphasizes that this is the wrong inquiry for determining whether a gross disparity exists. Courts determine "gross disparity" by comparing a defendant's original sentence to their likely sentence under *today's* law—not the law in place at the time of the original sentencing. *See, e.g.*, *United States v. Salinas*, 818 F. Supp. 3d 1133, 1137–40 (E.D. Cal. 2026). Defendant does not make any showing regarding the sentence he would likely receive under today's law (for example, by providing a present-day Guidelines

calculation). He references only the law in place at the time of his original sentencing and argues that he would receive a lighter sentence if the Court employed it today.[1] Accordingly, the Court denies Defendant's motion for reconsideration.

**IT IS SO ORDERED.**

Dated: October 22, 2026



Hon. Dana M. Sabraw, Chief Judge
United States District Court

---

[1] If Defendant means to attack the original sentencing Court's "Guideline calculation, or departure therefrom, he may not do so in a § 3582(c) motion." (*E.g.*, ECF No. 143.) The Court must instead construe such an attack as a 28 U.S.C. § 2255 motion. (*E.g.*, *id.*) "Because Defendant has already filed a § 2255 motion, which was denied by this Court, (*see* ECF No. 103), he must seek leave to file another such motion." (*Id.*) He has not done so here.